(95 Misc. Rep. 140)

## BLUM v. DAVIS.

(Supreme Court, Appellate Term, First Department.   May 26, 1916.)

1. EVIDENCE ⬅=181—DOCUMENTARY EVIDENCE—FOUNDATION.

In an action for loss of a case of goods, delivered to defendant, through the criminal complicity of defendant's driver with other persons, the introduction in evidence, after plaintiff's shipping clerk showed his inability to state the amount or character of the goods included in the shipment, of a paper alleged to be a copy made by the bookkeeper of an

⬅=For other cases see same topic & KEY-NUMBER in all Key-Numbered Digests & Indexes

entry in the books, which was alleged to have been made in turn from a shipping slip made out by the witness, was without proper foundation.

[Ed. Note.—For other cases, see Evidence, Cent. Dig. § 600; Dec. Dig. ☞181.]

2. APPEAL AND ERROR ☞232(2)—RESERVATION OF GROUNDS OF REVIEW—OBJECTION ·TO EVIDENCE.

In an action for loss of a shipment, where defendant's counsel not only objected to the introduction of a paper in evidence, and to its use by plaintiff's shipping clerk to refresh his recollection, but based motion to dismiss at the close of the case on the ground that the testimony introduced did not show the value of the lost merchandise, the matter on which the paper was material, counsel sufficiently insisted upon the error, though shortly after examination brought out the paper, he stated he did not want to take up time over an immaterial issue.

[Ed. Note.—For other cases, see Appeal and Error, Cent. Dig. §§ 1430, 1431; Dec. Dig. ☞232(2); Trial, Cent. Dig. §§ 211–222.]

Appeal from Municipal Court, Borough of Manhattan, First District.

Action by Maurice Blum against William C. Davis. From a judgment for plaintiff, defendant appeals. Judgment reversed, and new trial granted.

Argued May term, 1916, before GUY, BIJUR, and COHALAN, JJ.

Frederick W. Sperling, of New York City, for appellant.
Joseph Levy, of New York City, for respondent.

BIJUR, J. Plaintiff sued for the value of a case of coats delivered to defendant and alleged to have been lost through the criminal complicity of defendant's driver with certain other persons. Plaintiff has recovered the full amount of his claim, namely, the value of the shipment, $726.50, together with interest and costs.

[1] It is unfortunate that after a prolonged trial this judgment must be reversed for material error in respect of proof of the value of the goods. When plaintiff's shipping clerk showed his inability to state the amount or character of the goods included in the shipment, there was introduced in evidence a paper alleged to be a copy made by the bookkeeper of an entry in the books, which was alleged to have been made in turn from a shipping slip made out by the witness. It needs no citation of authority to demonstrate that no proper foundation, even under the most liberal construction, was laid for the introduction into evidence of this paper. See Mayor v. Second Ave. Co., 102 N. Y. 572, 7 N. E. 905, 55 Am. Rep. 839.

[2] Respondent claims that the error was not material, or at all events that appellant's counsel laid no stress on it, citing a remark made by appellant's counsel within a minute or so after the examination brought out this paper. Appellant's counsel said: "Well, I don't want to take up a lot of time over an immaterial issue." It is not clear to what counsel referred, but it is perfectly clear that he did not refer to adequate proof of this paper, for the next 12 pages of the record are replete with appellant's counsel's objections, both to the introduction of the paper in evidence and to the use thereof by the witness for the alleged purpose of refreshing his recollection, when the

witness frankly conceded that his recollection was not refreshed, but that he would actually have to read the items from the paper. Moreover, to make appellant's counsel's position still clearer, at the close of the case his motion to dismiss was based "also upon the ground that the plaintiff has not properly established the items of damage; that the testimony introduced does not show the value of the merchandise that was lost."

It follows, therefore, that the judgment must be reversed, and a new trial granted, with $30 costs to appellant to abide the event. All concur.